UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | | |
|---|---|---|
| ABRAHAM KENNARD, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 12-CV-200-KKC |
| | ) | |
| v. | ) | |
| | ) | |
| J.C. HOLLAND, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Abraham Kennard is an inmate confined in the Federal Correctional Institution in Manchester, Kentucky. Proceeding without an attorney, Kennard has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the Bureau of Prisons ("BOP") has violated his right to due process of law by refusing to consider placing him in a Residential Re-Entry Center ("RRC") at the current time. [R. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F.App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relied." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Kennard's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Kennard*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Kennard' factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court will deny Kennard's § 2241

petition because the BOP has not violated his right to due process of law guaranteed by the Fifth Amendment to the United States Constitution.

## BACKGROUND

Kennard was convicted of various committing numerous federal financial offenses, and on May 13, 2005, received a 210-month sentence which he is currently serving. *United States v. Kennard*, No. 4:04-cr-00067-HLM-WEJ-1 (N.D. Ill. 2004).[1] Kennard states in his petition that he has requested that the BOP consider him for immediate placement in a RRC pursuant to 18 U.S.C. § 3621(b), but that the BOP refuses to do so, based on the provisions of the Second Chance Act, 2007, Pub.L. No. 110-199, § 2519(a), 122 Stat. 657, 692-93 (April 9, 2008).

Kennard contends that § 3621(b) expressly permits the BOP to place a federal inmate in an RRC at any time during his period of confinement, but that the BOP has arbitrarily refused to consider him for RRC placement until 17-19 months prior to the expiration of his sentence because the Second Chance Act permits no more than a 12-month placement in an RRC. Kennard alleges that the BOP is improperly relying on the Second Chance Act in denying his request for immediate RCC placement; that BOP should can and should immediately place him in an RRC pursuant to authority given to it under 18 U.S.C. § 3621(b); and that the BOP's actions violate his right to due process of law. [R. 1-1, pp. 2-7]

## DISCUSSION

Kennard's argument lacks merit. The Second Chance Act amended 18 U.S.C. § 3624(c)(1) to provide that the Director of the BOP shall "ensure that a prisoner serving a term of imprisonment

---

[1] Kennard' projected date of release from BOP custody is May 25, 2019. *See* http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=11928-042&x=75&y=29 (last visited on February 4, 2013).

spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." Second Chance Act § 251, 122 Stat. at 692. "As a result of this statute and the new 12-month maximum placement, the BOP issued guidance directing that 'inmates must now be reviewed for pre-release RRC placements 17-19 months before their projected release dates.'" *Ramirez v. Eichenlaub*, No. 06-CV-1493, 2008 WL 4791892, 3 (E.D. Mich. Oct. 30, 2008) (quoting *Miller v. Whitehead*, 527 F.3d 752, 755 (8th Cir. 2008 )). The BOP's decision to place an inmate in pre-release community confinement is discretionary and will be "determined on an individual basis" according to the factors in 18 U.S.C. § 3621(b). *McIntosh v. Hickey*, No. 10-CV-126, 2010 WL 1959308, at *3 (E.D. Ky. May 17, 2010).

Kennard's argument that the BOP can and should transfer him to an RRC at this time, more than six years prior to his projected release date, lacks merit. The Second Chance Act is an unambiguous directive which prescribes the maximum amount of time for which federal inmates are eligible for pre-release placement in an RRC, and the BOP has no authority to enlarge this one-year-maximum period. *See Chevron U.S.A Inc. v. Nat'l Resources Defense Council, Inc.*, 467 U.S. 837, 842–43 (1984) ("First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the courts, as well as the agency, must give effect to the unambiguously expressed intent of Congress").

Another district court has addressed the same claims which Kennard raises in his habeas petition, and has aptly rejected them, explaining as follows:

> "Since the BOP is obligated to conduct the five-factor § 3621(b) statutory analysis with an eye toward the Second Chance Act's one-year-maximum RRC period, it is reasonable for the BOP to wait 5 to 7 months prior to the earliest moment when the

3

> inmate could be placed in an RRC to conduct its review, since-at the very least-such factors of Section 3621(b) as "the resources of the facility contemplated" and "the history and characteristics of the prisoner" are best assessed when the BOP does not have to guess these resources years in advance, and when the BOP has a clearer picture of the entirety of the inmate's pre-RRC-consideration conduct, with only few months left to project. *See Chevron*, 467 U.S. at 842–43 (1984) (defining the concept of "permissible construction" review); *see also Parker v. Conway*, 581 F.3d 198, 204 (3d Cir. 2009); *accord Koyo Seiko Co. v. United States*, 36 F.3d 1565, 1570 (Fed. Cir.1994) ("a court must defer to an agency's reasonable interpretation of a statute even if the court might have preferred another")."

*Thomas v. Zickefoose*, No. 09-5667 (NLH), 2010 WL 5186137, at *2 n.5 (D. N.J. Dec. 14, 2010). As *Thomas* makes clear, the BOP can not ascertain how, or even whether, the various considerations set forth in § 3621(b) may apply to Kennard with respect to his possible placement in an RRC placement until closer to the time when Kennard will approach the final 12 months of his sentence, *i.e.*, 17 to 19 months prior to May 25, 2019. Assuming that Kennard's projected release date remains the same, the BOP should begin assessing him for possible RRC no sooner than October 25, 2017, which will be nineteen months prior to his projected release date on May 25, 2019.

Kennard's related argument-that he qualifies for an immediate placement in an RRC under the broad language of Section 3621(b) - is also without merit. The Second Chance Act does provide that "[n]othing in this [provision] shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under [S]ection 3621[,]" but subsection (b) of § 3621 explains that the relevant analysis should be conducted by the BOP in connection with its general discretionary placement authority:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau *may* designate *any available penal or correctional facility* that meets minimum standards of health and habitability....

18 U.S.C. § 3621(b) (emphasis added). Nothing in the language of § 3621(b) obligates the BOP to place Kennard in any particular institution at any point of his confinement. Simply put, for the purposes of a transfer to a RRC, the more specific language of the Second Chance Act controls Kennard's placement, if any, rather than at the broad language of Section 3621(b). *Thomas*, 2010 WL 5186137 at *3.

Further, even when time arrives for the BOP to consider his eligibility for RRC placement (sometime between October 25 and December 25, 2017), the Second Chance Act does not automatically mandate, entitle, or guarantee, any prisoner placement in a RRC. *See Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *Harris v. Hickey*, No. 10-CV-135, 2010 WL 1959379, at *3 (E.D. Ky. May 17, 2010). It only requires the BOP to *consider* placing an inmate in RRC for *up to* a 12–month period. *Demis*, 558 F.3d at 514.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Abraham Kennard's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

Dated this 8th day of February, 2013.



Signed By:
*Karen K. Caldwell*
**United States District Judge**